IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO BENNETT, #636538, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1668-L |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director | ) | (consolidated with |
| Texas Department of Criminal Justice, | ) | 3:07-CV-1669-L |
| Correctional Institutions Division, | ) | 3:07-CV-1670-L) |
|     Respondent. | ) | Referred to Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case pending preliminary screening.

Statement of the Case: Petitioner pled guilty in the 283rd Judicial District Court of Dallas County, Texas, to the felony offenses of burglary of a habitation and aggravated robbery in Cause Nos. F92-04223-NT and F92-04224-NT. He also pled true to the enhancement paragraphs, and punishment was assessed at two concurrent life sentences. *See* Attachment I, *Bennett v. Johnson*, No. 3:97cv2376-X (N.D. Tex. Mar. 4, 1998) (findings, conclusions and

recommendation of the Mag. Judge at 2), *accepted* (Mar. 20, 1998). The Fifth District Court of Appeals affirmed his convictions. *Bennett v. State*, Nos. 05-92-02857-CR and 05-92-02858-CR (Oct. 19, 1993, pet. ref.).

Petitioner unsuccessfully sought state and federal habeas relief. *See Ex parte Bennett*, Nos. 27,377-01 and 02 (denying state habeas petitions); *Bennett v. Johnson*, No. 3:97cv2376-X (N.D. Tex. 1998) (dismissing federal petition as barred by the one-year limitations period) (attachment I).

In the present action, Petitioner again seeks to challenge his two convictions. He now alleges that he is actually innocent of the "illegal and void sentence" as a result of "newly discovered evidence." (Pet. at ground 1). He also appears to raise a double jeopardy violation. (Pet. at ground 2).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a prisoner may file a second or successive application for post-conviction relief. *See* 28 U.S.C. § 2244(b) (West 2007). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in the district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive

petition in this case. Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254. In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 26th day of October, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT    I**